IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LEONEL O. MARTINEZ,**                                6:13-CV-00384-PK

        Plaintiff,                          ORDER

v.

**COLETTE S. PETERS,** Director
of O.D.O.C.; **JEFF PREMO,**
Superintendent, O.S.P.;
**M. YODER,** Asst. Superintendent
of Security O.S.P.; **S.T.M.
LT. YANCEY; S.T.M. LT. UFFORD;**
and **STEVE FRANKE,** Superintendent,
T.R.C.I., et. al.,

        Defendants.

**LEONEL O. MARTINEZ**
#16800291
Oregon State Penitentiary
2605 State Street
Salem, OR  97310-0505

        Plaintiff, *Pro Se*

**ELLEN F. ROSENBLUM**

1 - ORDER

Attorney General
**ANDREW D. HALLMAN**
Assistant Attorney General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301

        Attorneys for Defendants

**BROWN, Judge.**

    On March 22, 2013, Magistrate Judge Paul Papak issued an Order (#9) denying Plaintiff Leonel O. Martinez's Motion (#4) for Appointment of Counsel, Plaintiff's Motion (#3) for Class Certification, and Plaintiff's Motion (#5) for Waiver of the U.S. Marshal Service Fees.  On May 29, 2013, Plaintiff filed a Motion for Review of United State Magistrate's Order, which the Court construes as Objections to that portion of the Magistrate Judge's Order denying Plaintiff's Motion for Class Certification.  The matter is now before this Court pursuant to Federal Rule of Civil Procedure 72(a).

    In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."  The standard of review for an order with objections is "clearly erroneous" or "contrary to law."  *See also* 28 U.S.C. § 636(b)(1)(A)(applying the "clearly erroneous or contrary to law" standard of review for

nondispositive motions). If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under Title 28 U.S.C. § 636(b)(1)(B).

This Court has carefully considered the Objections of Plaintiff and concludes they do not provide a basis to modify the Magistrate Judge's Order. As the Magistrate Judge noted Plaintiff may not act as counsel for other persons in a class action because Plaintiff is not an attorney. *See, e.g., Maloney v. Ryan*, No. CV 13-00314-PHX-RCB (BSB), 2013 WL 3945921, at *11 (D. Ariz. July 31, 2013)("Plaintiff Maloney is not an attorney; he is appearing *pro se* in this action. Accordingly, although [p]laintiff may appear on his own behalf, he may not appear as an attorney for other persons in a class action."); *Chapa v. Arpaio*, No. CV 12-2482-PHX-DGC (DKD), 2013 WL 474367, at *6 (D. Ariz. Feb. 7, 2013)(same); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself."); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)(nonlawyer did not have any authority to appear as an attorney for other persons in a purported class action); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(it was plain error to permit an inmate proceeding *pro se* to

3 - ORDER

represent fellow inmates in a class action).

In addition, this Court has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's conclusion that Plaintiff has not met the prerequisites to a class action under Federal Rule of Civil Procedure 23(a)(numerosity, typicality, commonality, and adequacy of representation).

## CONCLUSION

The Court **AFFIRMS** Magistrate Judge Papak's Order (#9) denying Plaintiff's Motion (#3) for Class Certification.

IT IS SO ORDERED.

DATED this 7th day of October, 2013.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

4 - ORDER