UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LEONEL O. MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COLETTE S. PETERS, et al.,<br><br>    Defendants. | 6: 13-cv-00384-PK<br><br><br><br><br><br>ORDER |

BROWN, District Judge.

**Motion for Preliminary Injunction [52]**

    Plaintiff moves the Court for a preliminary injunction directing defendants to cease their enforcement of certain Security Threat Management ("S.T.M.") policies as set out under Oregon law. Specifically, plaintiff seeks an Order from the Court enjoining defendants "from the practice or enforcement of [the] above S.T.M. policies for disciplinary actions against Plaintiff and other prisoners without state or federal procedural due process rights

1 - ORDER

OAR 291-105-0005 through OAR 291-105-0100 and Wolff v. McDonnell, 418 U.S. 539 (1974); Mitchell v. Dupnik, 75 F3d 517, 524-525 (9th Cir. 1996)." Plaintiff's Motion for Preliminary Injunction [52], p. 2. Moreover, plaintiff indicates defendants should "reopen Administrative Segregation E-Black highside" as an alternative to placing he and other prisoners in punitive segregation without providing them with their state and federal procedural due process rights. *Id.* at 3.

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests.[1] Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief. *Burlington N.R.R. v. Department of Revenue*, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving

---

[1]Notably, the standards for issuance of a temporary restraining order are at least as exacting as those for a preliminary injunction. *Los Angeles Unified Sch. Dist. v. United States Dist. Court for the Cent. Dist. of Cal.*, 650 F.2d 1004, 1008 (9th Cir. 1981).

2 - ORDER

party's favor. *Id.*; *Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Prudential Real Estate Affiliates v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000).

Plaintiff maintains that he will suffer irreparable injury or harm if the Court does not grant him injunctive relief at this juncture. Specifically, he argues he and other S.T.M. classified inmates are subject to repetitive punishment for past misconduct and for no misconduct "based on our race, and if they don't like our attitude or for some other improper reason without any prior due process rights, supra." Plaintiff's Memorandum of Law [53] at 4.[2] He further asserts the balance of hardships favor him because he is subject to repetitive unwarranted punishment. He contends that he enjoys a likelihood of success on the merits evidenced in

---

[2] According to plaintiff, "S.T.M. officials statewide under STM policies OAR division 69 cause plaintiff and other prisoners to live in fear of having our programs, services, activities and privileges and liberty taken from us by STM officials without due process hearing and finding of guilt to a charge of misconduct prior to placement in punitive segregation D.S.U., lockdown in own cell with or without property with no outside exercise for 1 to 120 days at a time and deprived of other privileges without due process hearing that all other O.D.O.C. prisoners enjoy in general population prior to deprivation of their liberty, property, privileges pursuant to disciplinary actions. This is STM practice on a regular basis." Plaintiff's Decl. In Support [54] at 3.

3 - ORDER

part by this Court's assessment, set out in the Notice of Lawsuit directing defendants to respond to the Complaint, that "plaintiff has a reasonable opportunity to prevail on the merits." Finally, he maintains it is always in the public interest for prison officials to obey the law and the Constitution.

In response to plaintiff's motion for preliminary injunction, defendants assert: (1) plaintiff does not have a liberty interest in not being placed under S.T.M. supervision, or being placed in disciplinary segregation; (2) plaintiff was not subjected to deprivations that implicate due process rights; and (3) there was good cause for plaintiff's placement on S.T.M. supervision and his placement in segregation and all actions taken were consistent with S.T.M. policy. Response to Motion for Preliminary Injunction [64], p. 2 (citing Declaration of Correctional Lieutenant Douglas Yancey, Administrator of the ODOC S.T.M. Unit [65]).

Specifically, Yancey reports that plaintiff was transferred from the Oregon State Prison ("OSP") to the Two Rivers Correctional Institution on August 3, 2012 and placed in the Disciplinary Segregation Unit ("D.S.U.") pending a hearing on a misconduct report. This report was later dismissed without prejudice pending further investigation. Plaintiff remained in administrative segregation during the investigation and was returned to OSP general population on or about November 8, 2012. Notwithstanding the fact a new misconduct report was not issued, Yancey avers that

"[t]hrough the investigation into the sale and trafficking of illegal narcotics, sufficient intelligence was received to warrant Inmate Martinez's placement under STM." Plaintiff remained on this status for six months, but according to Yancey, "[n]o restrictions were placed on [him] while he was under the supervision of STM, except that he was required to obtain permission from the OSP STM Lieutenant before he could change program work assignments or change housing assignments."

Notwithstanding the fact that plaintiff widely disputes the accuracy of Lieutenant Yancey's declaration, upon careful review of the record, the Court denies plaintiff's motion for injunctive relief on the basis that he has failed to demonstrate a likelihood of success on the merits. *Winter v. Natural Res. Def. Council, Inc*, 129 S.Ct. 365, 374 (2008)(plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits).

In addition, ordinarily a preliminary injunction maintains the status quo pending a final decision on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Plaintiff is asking the court to alter the status quo by granting him, before trial, the very relief he hopes to obtain through this action. Such a "mandatory injunction," as it is known, is granted only in extraordinary circumstances. *See LGS Architects, Inc. V. Concordia Homes of Nevada*, 434 F.3d 1150, 1158 (9th Cir. 2006); *Marlyn*

5 - ORDER

*Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored).

## CONCLUSION

Based on the foregoing, plaintiff's Motion for Preliminary Injunction [52] is DENIED.

DATED this 18th day of November, 2013.

                               /s/ Anna J. Brown
                               Anna J. Brown
                               United States District Judge