IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEONEL O. MARTINEZ,

      Plaintiff,

                                    6:13-CV-384-PK

v.                                 OPINION AND
                                      ORDER

COLETTE S. PETERS, JEFF PREMO, M.
YODER, S.T.M. LT. YANCEY, S.T.M. LT.
UFFORD, STEVE FRANKE, LT.
STEPHENSON,

           Defendants.

PAPAK, Magistrate Judge:

      Incarcerated plaintiff *pro se* Leonel O. Martinez filed this putative class action lawsuit *in forma pauperis* against defendants Colette S. Peters, Jeff Premo, M. Yoder, S.T.M. Lt. Yancey, S.T.M. Lt. Ufford, and Steve Franke on March 6, 2013. On March 22, 2013, I denied Martinez' motion for class certification, on May 29, 2013, Martinez moved for review of my order by a United States District Judge, and on October 7, 2013, Judge Brown affirmed my order. On November 12, 2013, Martinez supplemented his complaint, adding Lt. Stephenson as an

Page 1 - OPINION AND ORDER

additional defendant.  Martinez appears to allege the defendants' liability under 42 U.S.C. § 1983 for the violation of his due process rights under the Eighth and/or Fourteenth Amendments to the Untied States Constitution. This court has subject-matter jurisdiction over Martinez' claims pursuant to 28 U.S.C. § 1331.

Now before the court is Martinez' letter motion (#107) for extension of time in which to file an additional brief in connection with one or more of the parties' currently pending dispositive motions.  For the reasons set forth below, Martinez' motion is granted as discussed below.

## LEGAL STANDARD

Once a district court has filed a pretrial scheduling order pursuant to Federal Civil Procedure Rule 16, "that rule's standards control[]" amendment of the schedule so established. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-608 (9th Cir. 1992).  Rule 16 provides, in relevant part, that a case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Local Rule 16-3 provides further, in relevant part, that:

[O]bjections to any court-imposed deadline must be raised by motion and must:

(1)    Show good cause why the deadlines should be modified.

(2)    Show effective prior use of time.

(3)    Recommend a new date for the deadline in question.

(4)    Show the impact of the proposed extension on other existing deadlines, settings, or schedules.

L.R. 16-2.

Page 2 - OPINION AND ORDER

## MATERIAL PROCEDURAL HISTORY AND ANALYSIS

Martinez filed a motion (#55) for summary judgment in this action on October 3, 2013, and defendants filed a cross-motion (#72) for summary judgment on November 5, 2013. On November 12, 2013, Judge Brown ordered that the parties' cross-motions for summary judgment be taken under advisement on February 4, 2014. As noted above, Martinez supplemented his pleading on November 12, 2013. On December 16, 2013, defendants moved (#91) to dismiss Martinez' supplemental complaint.

On February 27, 2014, Martinez moved for a sixty-day extension of case deadlines due to difficulties he was experiencing in preparing and researching legal issues raised by the parties' pending dispositive motions. In support of his motion, Martinez did not indicate what further preparation or research were necessary in connection with the pending dispositive motions, all of which at that time appeared to be fully briefed. On March 10, 2014, Judge Brown denied Martinez' motion for extension of time with express "leave to file a new motion seeking leave of the Court to file an additional brief pertaining to one or more of the pending motions" by not later than April 16, 2014. Accordingly, the court clerk revised the under-advisement date for all three of the parties' pending dispositive motions to April 17, 2014.

On April 14, 2014, the court received a letter signed by Martinez on April 9, 2014, advising the court that, due to having been transferred from one penal institution to another, he had only received notice of Judge Brown's order on March 26, 2014, and that some of his legal documents had been lost in the course of the transfer, that he is on a waiting list to receive legal assistance at his new place of incarceration, and that he intends to move for extension of time as Judge Brown directed (but is unable to do so within the time constraints Judge Brown ordered,

due to lack of access to his legal documents).

In the interests of judicial economy, I construe Martinez' letter (#107) as a motion for a sixty-day extension of time within which to file an additional brief in support of his position in connection with one or more of the dispositive motions now pending before the court. I find that in light of the loss of Martinez' legal documents and the disruption occasioned by his transfer to a new penal institution good cause exists for granting Martinez' motion so construed. I further find that the requirements of Local Rule 16-2 are satisfied under the circumstances. In consequence, Martinez' constructive letter motion (#107) for extension of time is granted, Martinez is directed to file an additional brief or briefs in support of his position in connection with one or more of the parties' pending dispositive motions by June 16, 2014, and Martinez' motion (#55) for summary judgment, defendants' motion (#72) for summary judgment, and defendants' motion (#91) to dismiss will be taken under advisement on June 17, 2014.

## CONCLUSION

Martinez' constructive letter motion (#107) for extension of time is granted, Martinez is directed to file an additional brief or briefs in support of his position in connection with one or more of the parties' pending dispositive motions by June 16, 2014, and Martinez' motion (#55)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

for summary judgment, defendants' motion (#72) for summary judgment, and defendants' motion (#91) to dismiss will be taken under advisement on June 17, 2014.

Dated this 23rd day of April, 2014.

Honorable Paul Papak
United States Magistrate Judge

Page 5 - OPINION AND ORDER