IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEONEL O. MARTINEZ,

       Plaintiff,

                                       6:13-CV-384-PK

v.                                         OPINION AND
                                         ORDER

COLETTE S. PETERS, JEFF PREMO, M.
YODER, S.T.M. LT. YANCEY, S.T.M. LT.
UFFORD, STEVE FRANKE, LT.
STEPHENSON,

       Defendants.

PAPAK, Magistrate Judge:

       Incarcerated plaintiff *pro se* Leonel O. Martinez filed this putative class action lawsuit *in forma pauperis* against defendants Colette S. Peters, Jeff Premo, M. Yoder, S.T.M. Lt. Yancey, S.T.M. Lt. Ufford, and Steve Franke on March 6, 2013. On March 22, 2013, I denied Martinez' motion for class certification, on May 29, 2013, Martinez moved for review of my order by a United States District Judge, and on October 7, 2013, Judge Brown affirmed my order. On November 12, 2013, Martinez supplemented his pleading, adding Lt. Stephenson as an additional

Page 1 - OPINION AND ORDER

defendant and stating one further claim for relief in addition to the claim stated in his originally filed pleading. By and through his original and supplemental pleadings (collectively, Martinez' "complaint"), Martinez appears to allege the defendants' liability under 42 U.S.C. § 1983 for the violation of his due process rights under the Eighth and/or Fourteenth Amendments to the United States Constitution, in two separate claims. This court has subject-matter jurisdiction over Martinez' claims pursuant to 28 U.S.C. § 1331.

On December 16, 2013, defendants Peters, Premo, Yoder, Yancey, Ufford, and Franke (collectively, the "moving defendants") filed an unenumerated Federal Civil Procedure Rule 12(b) motion (#91) to dismiss the claim set forth in Martinez' supplemental pleading for failure to exhaust administrative remedies.[1] On April 3, 2014, while the moving defendants'

---

[1] Under the Prison Litigation Reform Act ("PLRA"), incarcerated plaintiffs are required to exhaust all administrative remedies available to them within the institutions in which they are housed before bringing any federal action in connection with prison conditions, including such actions brought under 42 U.S.C. § 1983:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, actions brought with respect to "prison conditions" include all actions brought to challenge isolated episodes of unconstitutional or otherwise unlawful misconduct of any kind as well as prisoner petitions challenging conditions of confinement. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Under the PLRA, the courts lack discretion to consider claims challenging prison conditions, including claims for money damages, except where such claims are filed following complete exhaustion of available administrative remedies, without regard to the nature of the available administrative remedies and without regard to the types of remedies available under such administrative grievance procedures. *See id.* at 524, *citing Booth v. Churner*, 532 U.S. 731, 739, 740 n. 5, 741 (2001). Inmates are not required to plead or demonstrate exhaustion before bringing prison-conditions lawsuits. *Jones v. Bock*, 549 U.S. 199, 216 (2007). To the contrary, an incarcerated plaintiff's failure to satisfy the PLRA exhaustion requirement is an affirmative defense that is the burden of the defendant(s) in a prison-conditions lawsuit to raise and prove. *See id.*

Page 2 - OPINION AND ORDER

unenumerated Rule 12(b) motion was still pending before this court, the Ninth Circuit issued its opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), by and through which the court held and reasoned in relevant part as follows:

> [A]lthough it may be more a matter of a change of nomenclature than of practical operation, we overrule *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), in which we held that a failure to exhaust under § 1997e(a) should be raised by a defendant as an "unenumerated Rule 12(b) motion." We conclude that a failure to exhaust is more appropriately handled under the framework of the existing rules than under an "unenumerated" (that is, non-existent) rule. Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). Otherwise, defendants must produce evidence proving failure to exhaust in order to carry their burden. If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts.

*Albino*, 747 F.3d at 1166.

Here, the moving defendants neither rely upon evidence proving failure to exhaust nor expressly assert or argue that Martinez' purported failure to exhaust is clear on the face of Martinez' supplemental pleading, but rather simply assert that Martinez has not exhausted available administrative remedies in the body of their supporting legal memorandum. Analysis of Martinez' supplemental pleading suggests that the moving defendants may intend to take the implicit position that failure to exhaust may be fairly inferred from Martinez' allegations, in that the events referred to in Martinez' supplemental pleading take place after the inception of this action, such that Martinez cannot have exhausted administrative remedies as to those events prior to initiating this lawsuit.

I am reluctant to draw any such inference on the current state of the record. By and

Page 3 - OPINION AND ORDER

through his supplemental pleading, Martinez appears to allege the imposition of retaliatory sanctions against him by the defendants, and it is possible that on a complete evidentiary record the conclusion that ordinary grievance procedures were, in consequence of defendants' alleged retaliatory conduct, objectively not available to Martinez. *See Hemphill v. New York*, 380 F.3d 680, 688 (2nd Cir. 2004).

Accordingly, I construe the moving defendants' unenumerated Rule 12(b) motion (#91) to dismiss as a motion for partial summary judgment. Defendants are directed to file evidence in support of their motion so construed, in the event they deem it appropriate to do so, by not later than July 31, 2014, at which time the clerk of court is directed to issue a Summary Judgment Advice Order to Martinez. Martinez shall have until September 2, 2014, to file a response to the moving defendants' constructive motion, including any supporting evidence, and the moving defendants shall have until September 16, 2014, to file an optional reply. The constructive motion (#91) will be taken under advisement as of September 17, 2014. Martinez' motion (#55) for partial summary judgment (styled as a motion for summary judgment) and the moving defendants' cross-motion (#72) for partial summary judgment (styled as a motion for summary judgment) are stricken from the Under Advisement calendar of June 17, 2014, and will likewise be taken under advisement as of September 17, 2014.

## CONCLUSION

The moving defendants' unenumerated Rule 12(b) motion (#91) to dismiss for failure to exhaust administrative remedies is construed as a motion for partial summary judgment, defendants may file evidence in support of that motion (#91) by not later than July 31, 2014, at which time the clerk of court is directed to issue a Summary Judgment Advice Order to Martinez,

Martinez shall have until September 2, 2014, to file a response to the moving defendants' constructive motion (#91), the moving defendants shall have until September 16, 2014, to file an optional reply in support of their constructive motion (#91), and Martinez' motion (#55) for partial summary judgment (styled as a motion for summary judgment) and the moving defendants' cross-motion (#72) for partial summary judgment (styled as a motion for summary judgment) are stricken from the Under Advisement calendar of June 17, 2014, and will likewise be taken under advisement as of September 17, 2014.

Dated this 1st day of July, 2014.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 5 - OPINION AND ORDER